**Alassane FOFANA, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 07–1649–ag.

United States Court of Appeals, Second Circuit.

Nov. 20, 2007.

Matthew J. Harris, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Alassane Fofana, a native and citizen of Guinea–Bissau, seeks review of a March 21, 2007 order of the BIA affirming the March 30, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Fofana's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fofana,* No. A 79 302 735 (B.I.A. Mar. 21, 2007), *aff'g* No. A 79 302 735 (Immig. Ct. N.Y. City Mar. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence supports the agency's finding that Fofana failed to establish that the harm he endured was on account of one of the protected grounds. *See* 8 U.S.C. § 1101(a)(42); *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. In support of this finding, the agency properly noted Fofana's testimony that his family was uninvolved in politics and that rebels attacked his family's shop because they were looking for money. And the agency did not err in finding that, despite Fofana's argument that the rebels may have been motivated by his ethnicity, the country conditions reports did not indicate that ethnicity was a motivating factor in the conflict resulting from the rebels' attempt to overthrow the government.

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). As such, because Fofana failed to argue on appeal to the BIA that the rebels imputed a political opinion to him, either because his family refused to give the rebels money or because of his status as a merchant, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider those arguments.[2] *See id.* at 124.

2. On the other hand, the government's argument that Fofana failed to exhaust any argument that he was persecuted on the basis of imputed political opinion lacks merit. Fofana argued before the BIA, as he does before this Court, that the rebels may have imputed a political opinion to him due to his ethnicity. However, as noted above, substantial evidence supports the agency's finding that Fofana failed to establish that ethnicity motivated the rebels' conduct.

Because substantial evidence supports the agency's finding that Fofana failed to establish a nexus between the harm he suffered and a protected ground, the agency properly denied asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 544 (2d Cir.2005). Fofana did not challenge the IJ's denial of CAT relief before this Court. As such, we deem that claim abandoned.[3] *See Yueqing Zhang,* 426 F.3d at 545 n. 8.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**3.** Additionally, Fofana has waived any challenge to the BIA's finding that his affiliation with other merchants in Guinea–Bissau did not constitute a particular social group and that his status as a merchant did not establish a nexus to a protected ground. *See Yueqing Zhang,* 426 F.3d at 545 n. 8.

